UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNHO HYON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LORRE HENDERSON, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0857-MCE-AC<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I. SCREENING

　　　　The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

policies/current-rules-practice-procedure/federal-rules-civil-procedure.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

Plaintiff, who has a California address, brings suit for "fraud" and "conspiracy" against the following five named defendants: (1) Dr. Lorre Henderson, whose "residency is unknown,"

2

but whose primary place of business is alleged to be in Fairfield, California; (2) Desiree Bosco, alleged to be a California resident; (3) Sutter Medical Foundation,[1] whose primary place of business is alleged to be in Sacramento, California; (4) The Doctors Company, whose primary place of business is alleged to be in Napa, California; and (5) the Medical Board of California. ECF No. 1 at 1-2. As the basis for jurisdiction, plaintiff states that he is filing this complaint in this court because he has been registered as a vexatious litigant in the Superior Court of Solano County. Id. at 1.

Plaintiff claims that he developed hearing loss after Dr. Henderson used a suction instrument to remove wax from both of plaintiff's ears in January 2017. Id. at 3. In plaintiff's medical records, Dr. Henderson stated that plaintiff's hearing loss was due to "Uncontrolled insulin dependent type 2 diabetes," which plaintiff alleges was "fabrication." Id. Plaintiff attempted to obtain information from defendant Bosco, Administrative Director of Sutter Medical Foundation, but she never responded. Id. at 4. Plaintiff made a claim with Dr. Henderson's liability insurance provider, The Doctors Company, which denied his claim. Id. He also filed a complaint with the Medical Board of California, which was denied. Id. at 5. Plaintiff asserts that all five defendants "have conspired against plaintiff by corresponding among themselves" and that they each (except for Sutter) "committed frauds" and "committed conspiracy." Id. at 5-6. Plaintiff seeks unspecified compensatory and punitive damages. Id. at 7.

B. Analysis

Plaintiff's complaint suffers from numerous deficiencies, several of which cannot be cured by amendment. First, the complaint fails to plead sufficient facts to make out state-law claims of fraud or civil conspiracy.[2] More fundamentally, however, this suit is barred against the

---

[1] Although listed in the complaint caption and the section identifying the parties to the action, plaintiff does not assert any cause of action against Sutter. ECF No. 1 at 1-2, 6.
[2] The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design. Rusheen v. Cohen, 37 Cal.4th 1048, 1062 (Cal. 2006). "A civil conspiracy, however atrocious, does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage." Doctors' Co. v. Superior Court, 49 Cal.3d 39, 44 (1989).
"In California, a plaintiff alleging fraud must prove the following elements: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of

Medical Board, and the court lacks jurisdiction to hear the case because plaintiff shares the same state of citizenship as many (if not all) of the other defendants, and his factual allegations support no identifiable federal claim.

The Medical Board of California, as an arm of the State, is entitled to sovereign immunity. Absent consent or waiver, the Eleventh Amendment bars private suits against a state or a state agency in federal court. Papasan v. Allain, 478 U.S. 265, 276 (1986); Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 928 (9th Cir. 2017) ("[A]gencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court.") (citation omitted). The Medical Board of California is a state entity created pursuant to Cal. Bus. & Prof. Code § 2001. As there is no indication that the State has consented to suit, or waived its sovereign immunity, both of plaintiffs claims against the Medical Board are barred under the Eleventh Amendment.

In addition, plaintiff's complaint provides no basis for federal jurisdiction. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts—unlike state court where plaintiff has apparently been rebuffed for vexatious litigation—are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. See Morongo, 858 F.2d at 1380.

Federal jurisdiction may be established in one of two ways. First, what is known as "federal question" jurisdiction may be established by bringing a claim based on federal law. 28

---

falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." IV Sols., Inc. v. United HealthCare Servs., Inc., No. CV1609598MWFAGRX, 2017 WL 3018079, at *6 (C.D. Cal. July 12, 2017) (citing Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 93(2001)).

U.S.C. § 1331. Civil actions for fraud and conspiracy are not based on any federal law, and the court cannot discern from the allegations any alternative federal claim. Therefore, federal question jurisdiction is not present in this case.

Second, jurisdiction may be established by a showing that (1) the parties are diverse—meaning that no plaintiff shares a state of citizenship in common with any defendant—and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A "natural person's state citizenship is . . . determined by her state of domicile," i.e., her permanent home. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen both of the state in which it is incorporated and of the state in which its principal place of business is located. See 28 U.S.C. § 1332(c)(1). Therefore, based on the face of the complaint, plaintiff is a citizen of California, and so are defendants Bosco, Sutter Medical Foundation, and The Doctors Company.[3] Accordingly, diversity jurisdiction is not available in this case either.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377. Plaintiff has failed to meet this burden, and the undersigned recommends his complaint be dismissed. The undersigned further recommends that leave to amend not be granted because it is clear from the allegations in the complaint that federal jurisdiction is not available, and the complaint's deficiencies could not be cured by amendment. Noll, 809 F.2d at 1448.

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

Further, the undersigned recommends that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to establish federal jurisdiction. It is further recommended that leave to amend not be granted because amendment would be futile.

////

---

[3] Although plaintiff states that Dr. Henderson's residence is unknown, it appears reasonably certain that he, too, is a citizen of California, given that his principal place of business is alleged to be in California and he is licensed to practice in the state.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 11, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE